960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael FRY, Petitioner-Appellant,
v.
BUREAU OF PRISONS and Warden T. R. Kindt, U.S.P., Terre
Haute, Respondents-Appellees.
 No. 90-3431.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided April 22, 1992.
 
 Before WOOD, JR.,** and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Fry appeals the district court's denial of his petition for a writ of habeas corpus. Fry alleged that prison officials at the federal prison camp in Terre Haute, Indiana, violated his Fourteenth Amendment due process rights.
 
 I. APPELLATE JURISDICTION
 
 2
 After entry of judgment in this case, a notice of appeal was filed which contained the signature "Michael Fry" with the notation "BH" next to it, referring to Ms. Barbara Harris, who the district court stated was neither a party to the suit nor an attorney admitted to practice before the court. In response to a supplemental entry in the record made by Magistrate Judge William G. Hussmann, Ms. Harris wrote to explain that Mr. Fry faced possible transfer from his current place of incarceration. Therefore, she had acted as an "executor" to insure the timely filing of the notice of appeal. The district court filed another supplemental entry in which it opined that we lack jurisdiction over this appeal.
 
 
 3
 "An unsigned notice of appeal, even if it does not meet the jurisdictional requirements of Fed.R.Civ.P. 11, meets the jurisdictional requirements for appeal." Robinson v. City of Chicago, 868 F.2d 959, 963 n. 2 (7th Cir.1989). The appellant's attorney in Robinson did not sign the notice of appeal. Instead, a member of the attorney's office signed the notice, placing initials next to the signature. We concluded that nothing in our previous caselaw "suggests that we should dismiss this appeal," Id., due to the failure of the attorney to sign the notice. Similarly, we find that Mr. Fry's notice of appeal is sufficient to confer this court's jurisdiction on appeal.
 
 II. ANALYSIS
 
 4
 Fry claims that prison officials violated his due process rights by failing to follow the prison's own administrative regulations. First, Fry claims a violation of 28 C.F.R. § 54.11, 770, which provides:
 
 
 5
 The term investigating officer refers to an employee of supervisory level who conducts the investigation concerning alleged charge(s) of inmate misconduct. The investigating officer may not be the employee reporting the incident or one who was involved in the incident in question.
 
 
 6
 Fry claims that the prison official who reported the two incidents of misconduct was also the investigating officer, violating this administrative directive. We agree with the district court that Fry failed to introduce any evidence to support this allegation. Indeed, in reference to the "escape", the incident report clearly states that Lt. Al Welch was the "reporting employee." The second page of this report notes that Lt. Montie Watkins was in charge of the investigation. As to the "intoxicant" incident, the report also clearly states that Lt. Al Welch was the "reporting employee." Conspicuously missing from the record is the second page of the incident report documenting the "intoxicant" offense which would identify the investigating officer. However, nothing in the record suggests that Lt. Welch was both the reporting employee and investigating officer for this incident. The evidence in the record does not support Fry's allegations.
 
 
 7
 Fry also complains that his due process rights were violated because he did not receive the incident reports within twenty-four hours of the infractions. Fry relies on a Bureau of Prison Program Statement, § 5270.7, Ch. 6, § 1(a), which provides: "A copy of the disciplinary report should be provided to the inmate within 24 hours of the staff learning of the incident." (emphasis added) The two incidents occurred on April 15, 1989, but the reports were not written until April 19, 1989.
 
 
 8
 The failure of prison staff to complete the reports within twenty-four hours does not, however, compel a finding that Fry's constitutional rights were violated. Due process "is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (quoting Olim v. Wakinekona, 461 U.S. 238, 250 (1983)). Fry's belief that this administrative regulation creates some sort of entitlement is error.
 
 
 9
 For a liberty interest to be created by statute or regulation, the statute or regulation must use "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed [and that certain action will not be taken by government officials] absent specified substantive predicates."
 
 
 10
 Castaneda v. Henman, 914 F.2d 981, 983 (7th Cir.1990) (quoting Hewitt v. Helms, 459 U.S. 460, 471-72 (1983)). The program statement upon which Fry relies is discretionary. It does not contain the mandatory language which is a necessary prerequisite to finding a constitutional entitlement. Failure of prison staff to write the incident report and deliver a copy to Fry within twenty-four hours did not violate due process.
 
 
 11
 The district court's denial of Fry's petition for a writ of habeas corpus is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Judge Wood, Jr., assumed senior status on January 16, 1992, after consideration of this case